UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LAMEIRO,<br><br>      Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Civ. No. 2:13-cv-06928 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This matter comes before the Court on Plaintiff Juan Lameiro's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Counsel seeks a total of $7,575.13, of which $4,375 has already been paid. In opposition, the Commissioner argues that the motion is time-barred. Because the Court agrees that the motion is untimely, Plaintiff's motion for attorney fees is **DENIED.**

    I.    BACKGROUND

      Plaintiff filed an application for Disability and Insurance Benefits ("DIB") on December 7, 2011 and for Supplemental Security Income ("SSI") on December 12, 2011. Complaint ¶ 3. The Commissioner denied the claims on March 13, 2012 and denied the claims upon reconsideration on October 16, 2012. *Id.* ¶ 4. On May 7, 2013, the ALJ affirmed the denial of benefits. The Appeals Council denied a request for review on October 23, 2013. This Court partly vacated the Commissioner's decision on December 16, 2014 and remanded the case for further administrative proceedings. ECF No. 12. Plaintiff's past due benefits were calculated to be $13,325. Pl.'s Br. at 8.

      On December 22, 2015, counsel filed her pending application in this Court under the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b) for

1

additional attorney fees. ECF No. 14. She requests compensation at a rate of $220.37 per hour for 34.42 hours of work, totaling $7,575.13, of which $4,375 has been paid.[1] ECF No. 17-1. By an amended motion dated August 22, 2016, Counsel withdrew her request for "further attorney fees" under § 406(b), but preserved her EAJA fee request. ECF. No. 17.

## II. DISCUSSION

The Equal Access to Justice Act authorizes federal courts to award reasonable attorney fees "to the prevailing party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A).

Requests for attorney fees must be made within thirty days of a "final judgement." 28 U.S.C. § 2412(d)(1)(B). Cases, such as the instant action, that are remanded under the fourth sentence of 42 U.S.C. § 405(g) are considered "final" immediately upon remand. *See Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

The "final judgment" in this case occurred when the Court vacated the Commissioner's decision and remanded the case on December 16, 2014. ECF No. 13. Plaintiff's counsel did not file her EAJA application until December 22, 2015. ECF No. 14. Because Plaintiff's counsel did not file the EAJA application within thirty days of this Court's judgment, the application is untimely.

## III. CONCLUSION

Plaintiff's application is untimely. The motion for attorney fees is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**November 16, 2016**

---

[1] Counsel's fee agreement with Plaintiff allows her to receive up to $6,000 of past due benefits.